```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
```

------------------------------------------------------

INTERNATIONAL WATCHMAN, INC.,           :
                                        :
            Plaintiff,                  :          CASE NO. 1:17-CV-497
                                        :
    vs.                                 :          ORDER
                                        :          [Resolving Doc. 18]
81 JANUARY, INC., *et al.*,             :
                                        :
            Defendants.                 :

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff International Watchman, Inc. sued Defendant 81 January, Inc. for trademark infringement.[1] Defendant's Director, William Shaine, moved pro se to dismiss the lawsuit on jurisdictional grounds.[2] Shaine also asked for leave to appear in this case.[3] Plaintiff moved to strike Defendant's motions, arguing that corporations cannot litigate pro se.[4]

The Court granted Plaintiff's motion to strike, holding that Ohio law requires a licensed attorney to represent a corporation in all non-small-claims-court proceedings.[5]

---

[1] Doc. 1.
[2] Docs. 6 & 15.
[3] *Id.*
[4] Doc. 12.
[5] *Gass v. Headlands Contracting & Tunneling, Inc.*, 2008 WL 4964656, at *1 (Ohio Ct. App. Nov. 21, 2008) ("[O]utside of small claims court, an individual, including a corporate officer, who is not an attorney, may not appear in court or maintain litigation *in propria persona* on behalf of a corporation."); *see also Disciplinary Counsel v. Kafele*, 843 N.E.2d 169, 173 (Ohio 2006) ("And with limited exception, unauthorized practice occurs when a layperson renders legal services for another person or for a corporate entity by attempting to manage legal actions and proceedings before courts of law.").

Case No. 17-CV-497
Gwin, J.

Now, Defendant Shaine asks the Court to reconsider its previous decision.[6] Shaine says that 81 January, Inc. lacks several corporate characteristics[7] and will not invoke its corporate veil.[8]

Defendant Shaine's argument loses. Defendant 81 January, Inc. is a registered corporation in Massachusetts[9] and must be represented by counsel. However, because Plaintiff also sues Defendant Shaine personally, Shaine may represent himself pro se.

The Court also grants Defendant 81 January, Inc.'s request for a twenty-day extension to retain counsel.[10] The Court also orders Plaintiff to serve Defendants in accordance with the Northern District of Ohio's Local Rules.[11]

Accordingly, the Court **DENIES** Defendants' motion for reconsideration, **GRANTS** Defendants' motion for an extension, and **ORDERS** Plaintiff to serve Defendants in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: June 6, 2017   *s/   James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE

---

[6] Doc. 18.
[7] *Id.* at 2 ("Defendant 81 January, Inc. never commenced business, has no bylaws, has no bank account, has no eBay account, has no money with which to hire an attorney.").
[8] *Id.* at 3.
[9] Doc. 12-1.
[10] Doc. 18 at 3.
[11] *Id.*