UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | | |
|---|---|---|
| INTERNATIONAL WATCHMAN, INC | : | CASE NO. 1:17-cv-497 |
| Plaintiff, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. 24, 29] |
| 81 JANUARY, INC., et al., | : | |
| Defendants. | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this trademark infringement case, Defendants 81 January, Inc. ("81 January") and William L. "Bill" Shaine file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.[1] Plaintiff International Watchman, Inc. ("International Watchman") opposes the motion.[2]

For the reasons below, the Court **GRANTS** Defendants' motion to dismiss.

## I. BACKGROUND

Plaintiff brings this trademark infringement case against Defendants in connection with Defendants' sale of watches on eBay.[3] Plaintiff also brings claims for unfair competition under Ohio law, civil conspiracy, and unauthorized practice of law.[4]

Defendant 81 January is a Massachusetts corporation.[5] Defendant Shaine is the sole officer of 81 January and is a Massachusetts resident.[6] Plaintiff is an Ohio corporation, with its principal place of business in Ohio.[7]

---

[1] Doc. 24.
[2] Doc. 29.
[3] Doc. 1 at ¶¶ 25-40.
[4] *Id.* at ¶¶ 41-54.
[5] *Id.* at ¶ 2.
[6] *Id.* at ¶¶ 4-5.
[7] *Id.* at ¶ 1.

Defendants move to dismiss for lack of personal jurisdiction.[8] Defendants argue that Plaintiff has not shown that Defendants had any relevant contacts in Ohio. Defendant Shaine states that (1) Defendant 81 January is not registered in Ohio;[9] and (2) neither Defendant has a place of business, real or personal property, or any employee or agent in Ohio.[10]

Plaintiff opposes Defendants' motion.[11] Plaintiff argues that personal jurisdiction exists over Defendants because Defendants sent a cease and desist letter to Plaintiff in Ohio.[12]

## II. LEGAL STANDARD

The plaintiff bears the burden of establishing personal jurisdiction.[13] When the Court does not hold an evidentiary hearing, the Court "must consider the pleadings and affidavits in a light most favorable to the plaintiff."[14] Plaintiff "need only make a prima facie showing of jurisdiction," and the court "does not weigh the [defendant's] controverting assertions."[15]

Nonetheless, Plaintiff must still establish with "reasonable particularity" the specific facts that support jurisdiction.[16] When a defendant contests personal jurisdiction, "the plaintiff may not stand on [its] pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction."[17]

In order to subject a defendant to the personal jurisdiction of this Court, the Court must first consider whether the Ohio long-arm statute, O.R.C. § 2307.382, permits the exercise of

---

[8] Doc. 24.
[9] Doc. 25-1 at ¶ 5.
[10] *Id.* at ¶¶ 5-6.
[11] Doc. 29.
[12] *Id.*
[13] *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007).
[14] *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998) (citations omitted).
[15] *Theunissen v. Matthews d/b/a Matthews Lumber Transfer*, 935 F.2d 1454, 1459, 1468 (6th Cir. 1991).
[16] *Palnik v. Westlake Entm't, Inc.*, 344 Fed. App'x 249, 251 (6th Cir. 2009).
[17] *Theunissen*, 935 F.2d at 1458 (citation omitted); *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006).

jurisdiction.[18] The Court must then consider whether the Court's exercise of jurisdiction comports with the limits of constitutional due process.[19]

### III. ANALYSIS

Plaintiff fails to establish personal jurisdiction over Defendants. The Defendants' sending of a single cease and desist letter to Plaintiff in Ohio does not support personal jurisdiction over Defendants.

**A. Ohio's Long-Arm Statute**

The Court first determines whether Ohio's long-arm statute permits the exercise of personal jurisdiction over Defendants. Plaintiff's sole argument is that Defendants are subject to personal jurisdiction under the long-arm statute because Defendants transacted business in Ohio.

Under § 2307.382(A)(1) of the Ohio long-arm statute, "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the persons . . . [t]ransacting any business in the state."

In the context of the Ohio Revised Code, "transact" means "'to prosecute negotiations; to carry on business; to have dealings.'"[20] Furthermore, the business transaction must create a "substantial connection" with Ohio.[21]

According to Plaintiffs, Defendants transacted business in Ohio by sending a cease and desist letter to Plaintiff in Ohio.[22] The letter allegedly concerns Plaintiff's claims.[23]

However, it is unclear how Defendant's single cease and desist letter constitutes "transacting any business" in Ohio. In the letter, Defendant Shaine does not make any monetary

---

[18] *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 361 (6th Cir. 2008).
[19] *Id.*
[20] *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 559 N.E.2d 477, 480 (Ohio 1990) (quoting Black's Law Dictionary (5th ed.1979)) (emphasis removed).
[21] *U.S. Sprint Commc'ns Co. v. Mr. K's Foods, Inc.*, 624 N.E.2d 1048, 1052 (Ohio 1994) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).
[22] Doc. 29 at 3.
[23] *Id.*

Case No. 1:17-cv-497
Gwin, J.

demands on Plaintiff,[24] and thus does not seem to prosecute negotiations, carry on a business, or have dealings with Plaintiff. Rather, Defendants' cease and desist letter appears mainly to be a one-sided business solicitation that does not constitute "transacting any business."[25] Furthermore, the fact that Defendants sent only one such letter fails to establish a "substantial connection" to Ohio.

Thus, Plaintiff fails to demonstrate that Ohio's long-arm statute permits personal jurisdiction over Defendants.

**B. Due Process**

Even assuming that Defendants' single cease and desist letter is enough to fall within Ohio's long-arm statute, the Court finds that Plaintiff has not demonstrated that exercising personal jurisdiction comports with due process.

The Sixth Circuit has developed a three-part test for determining whether a case's particular circumstances provide sufficient contacts between a non-resident defendant and the forum state to support exercising personal jurisdiction:[26]

> "First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable."[27]

Employing this test, the Court finds that exercising personal jurisdiction over Defendants would not comport with due process.

---

[24] Doc. 29-2.
[25] *See Hildebrand v. Steck Mfg. Co., Inc.*, 279 F.3d 1351, 1354-55 (Fed. Cir. 2002) (finding that warning letters sent to Ohio Plaintiffs regarding patent infringement was a business solicitation and thus did not constitute "transacting business" under the Ohio long-arm statute); *see also Big Lots Stores, Inc. v. Sorensen Research & Dev. Tr.*, No. 2:08-CV-00506, 2009 WL 4547599, at *3 (S.D. Ohio Dec. 2, 2009) (finding that cease and desist letters could be "easily regarded as simply one-sided business solicitation that hardly presents a substantial connection with Ohio").
[26] *S. Mach. Co. v. Mahasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).
[27] *Id.*

Case No. 1:17-cv-497
Gwin, J.

### 1. *Purposeful Availment*

The first requirement, purposeful availment, "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit."[28] The requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'"[29]

Courts have repeatedly held that cease and desist letters are insufficient to establish purposeful availment.[30] Here, in particular, Defendants' contact with Ohio was "random," "fortuitous," and "attenuated." Defendants e-mailed the letter to Ohio only because Plaintiff happened to do business there. Moreover, Defendants sent the letter due to the "unilateral activity of another party." Defendants only e-mailed the letter in response to Plaintiff's initial complaints about Defendants to eBay.[31]

Thus, Defendants did not purposefully avail themselves of the privilege of conducting business in Ohio.[32]

---

[28] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).
[29] *Burger King Corp.*, 471 U.S. at 475.
[30] *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 723 (6th Cir. 2000) (letter outlining possible claims against defendant is insufficient to establish purposeful availment); *Indus. Trade & Tech., LLC v. Stone Mart Corp.*, No. 2:11-CV-637, 2011 WL 6256937, at *4 (S.D. Ohio Dec. 14, 2011) (collecting cases and finding cease and desist letters sent to plaintiffs who were based in Ohio was insufficient to establish purposeful availment); *HealthSpot, Inc. v. Computerized Screening, Inc.*, 66 F. Supp. 3d 962, 969 (N.D. Ohio 2014) ("[N]ot all attempts to enforce patents can give rise to specific personal jurisdiction. The mere sending of cease and desist letters is insufficient.").
[31] Doc. 29-2 at 1.
[32] Plaintiff also argues that the purposeful availment prong is satisfied because Defendants sell their infringing products on eBay, "which allows Ohio users to access customer service." Doc. 29 at 5. However, Plaintiff does not make any such allegations in its Complaint or submit any affidavits in support. Thus, the Court finds Plaintiff does not meet its burden to establish purposeful availment on this basis.

Case No. 1:17-cv-497
Gwin, J.

### 2. *Arising from*

Under the second prong, the claim for relief must arise out of the defendant's activities in the forum.[33] A claim for relief can be of whatever type, as long as it has "a substantial connection with the defendant's in-state activities."[34]

One of Plaintiff's claims concerns whether Defendant Shaine engaged in the unauthorized practice of law by sending Plaintiff the cease and desist letter. Thus, this claim likely has a substantial connection to Defendant's Ohio contact.

Nevertheless, this Ohio contact does not concern Plaintiff's other claims, which concern whether Defendants infringed on Plaintiff's trademark. While the cease and desist letter may give rise to these Plaintiff's claims here, they ultimately do not concern whether Defendants actually infringed on Plaintiff's trademark.[35]

Accordingly, Plaintiff may have satisfied this prong with respect to its unauthorized practice of law claim, but not for its other claims.

### 3. *Reasonableness*

The third prong requires Plaintiff to show that the acts of Defendants, or consequences caused by Defendants, have a sufficiently substantial connection with the forum state to make exercising jurisdiction over Defendants reasonable.[36] "In determining whether the exercise of jurisdiction is reasonable, the court should consider, among others, the following factors: (1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the policy."[37]

---

[33] *See S. Mach.*, 401 F.2d at 381.
[34] *Id.* at 384 n.27.
[35] *See Indus. Trade & Tech.*, 2011 WL 6256937, at *5-6.
[36] *S. Mach.*, 401 F.2d at 381.
[37] *Air Prods.*, 503 F.3d at 554-55.

Case No. 1:17-cv-497
Gwin, J.

The analysis here is a close call. Ohio does have an interest in protecting its companies from trademark infringement, and it is unclear whether Massachusetts has a greater interest in securing an efficient resolution. Plaintiff, an Ohio corporation with a principal place of business in Ohio, also has an interest in obtaining relief in Ohio.

On the other hand, the burden on the Massachusetts Defendants to have to litigate this case in Ohio would be substantial, given that Defendants did not purposefully avail themselves of the privilege of conducting business in Ohio.

Nevertheless, even if the second and third prongs may work in Plaintiff's favor, Plaintiff has failed to establish the first prong of purposeful availment. Thus, the Court finds that exercising personal jurisdiction over Defendants here would not comport with due process.

## IV. CONCLUSION

For the following reasons, the Court **GRANTS** Defendants' motion to dismiss.

IT IS SO ORDERED

Dated: August 31, 2017  *s/        James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE